Geebn, J.
delivered the opinion of the court.
The plaintiffs in error were indicted in the circuit court of White county, for open and notorious lewdness.
On the trial, it was proved by Polly Bertram and Lucretia Belcher, that the parties lived together publicly, and Polly Bertram had seen them in bed together. Thomas Johnson, a witness was then introduced for the State, and was asked by the attorney general, whether it “was not notoriously known, and talked of in the neighborhood in which the defendants lived, that they did live together openly, notoriously and pub *65 licly as man and wife, and in adultery. To the answering of this question, the defendant’s counsel objected, which objection was overruled and the witness permitted to answer the question. When the witness answered, that it was rumored, talked of, and known, in the neighborhoo'd, that they lived there in adultery, not being married, and publicly.”
The jury found the defendants guilty, and they appealed to this court.
The only question in this record, is, whether the evidence of Johnson was competent.
It was competent for the attorney general to have proved, that the parties lived together as man and wife, openly and notoriously — but this fact, like every other fact, must be proved by competent testimony. But in this case, the attorney general enquires “whether it was hot notoriously known, and talked of in the neighborhood” &c., and the witness replied that, “it was rumored, talked of, and known that they lived in adultery” &c. Now this is proving the adultery, by proof of the rumor, and talk in the neighborhood, that it existed. This cannot be done. The witness should have been asked whether the parties lived together openly and notoriously, as husband and wife? and his affirmative response would have proved the fact, and would have been competent.
It is true, that there is other evidence, sufficient, in our opinion to have authorized a verdict of guilty — but we cannot tell how much influence this illegal evidence had upon the minds of the jury, and, therefore, we feel constrained, reluctantly, to reverse the judgment and order a new trial. Judgment reversed.